# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAN BRINKMAN**, | Case No. 3:13-cv-01434-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF JUSTICE TAX DIVISION, *ET AL.*** | |
| Defendants. | |

Dan Brinkman, 12245 S.W. Pioneer Lane #217, Portland, OR 97008. *Pro se*.

**Michael H. Simon, District Judge.**

Plaintiff Dan Brinkman ("Brinkman") filed *pro se* claims against Defendants, the Internal Revenue Service ("IRS"), the United States Department of Justice Tax Division ("Department of Justice"), 24 individually-named government officials, and two federal agencies. Dkt. 2. Service of process has not yet occurred. Brinkman filed an application with the court to proceed *in forma pauperis*, Dkt. 1, and the Court grants Brinkman's application to proceed *in forma pauperis*.

Under the liberal pleading standards afforded to filings of a *pro se* plaintiff, the Court finds that Brinkman fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this case is dismissed with prejudice and without leave to amend.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Baca*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles*

*Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

This standard "does not require 'detailed factual allegations,'" but does demand "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, (quoting

*Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

555).

 A complaint filed *in forma pauperis* may be dismissed at any time, including before

service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted; or (iii) seeks
> monetary relief against a defendant who is immune from such
> relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State

of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an

arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*,

939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

 "Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate

courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of

jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint

could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir.

2002), citing *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

## BACKGROUND

On August 15, 2013, Brinkman filed his Complaint in this action. Dkt. 2. Brinkman

names two "primary defendants" in his single-spaced, 63-page complaint: the IRS and the

Department of Justice. *Id.* His complaint propounds three grounds for judicial relief: (1) that the

IRS failed to issue him a Whistleblower Award after he reported alleged tax fraud committed by

a private corporation, Liberty Tax Corporation; (2) that the IRS retaliated against him after he

reported the alleged tax fraud, specifically by requiring him to pay back taxes that he claims he

did not owe; and (3) that the Department of Justice was an accessory to the IRS's retaliatory

actions. *Id.*

Brinkman also lists 26 "Temporary/Limited Petitioned Entities." *Id.* These entities

include 24 federal and state governmental officials, and two federal agencies. *Id.* Brinkman states

that the "petitioned entities **are not** traditional 'defendants' in an adversarial role" and are

included in the complaint pursuant to his constitutional right to "petition his government officials

for redress of grievances (First Amendment)." *Id.* (emphasis in original). Brinkman seeks $7.5

million in damages for the allegedly wrongfully-denied Whistleblower Award claim and an

additional $7.5 million for emotional distress as the result of the allegedly retaliatory action. *Id.*

## DISCUSSION

Several defects in Brinkman's complaint require *sua sponte* dismissal. This Court

addresses each defect in turn.

### A.  Brinkman's Claims Against the 26 "Temporary/Limited Petitioned Entities" are Dismissed

With regard to the 26 "Temporary/Limited Petitioned Entities," Federal Rule of Civil

Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Brinkman concedes that

PAGE 4 – OPINION AND ORDER

he has no claim against these parties, but merely wishes them to be informed of this action against the IRS and the Department of Justice so that they will call him on the telephone. Thus, Brinkman's complaint is deficient under Rule 8(a)(2). Further, without a direct claim against these parties, Brinkman fails to allege an actual "case" or "controversy." *See Flast v. Cohen*, 392 U.S. 83, 95 (1968); U.S. Const., Art. III, § 2, cl. 1.

**B.  Brinkman's Whistleblower Award Claim Against the IRS is Dismissed**

Unless it waives sovereign immunity, the United States is immune from suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States "may waive its sovereign immunity, but any waiver must be unequivocally expressed in statutory text and will not be implied." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (citation and internal quotation marks omitted). The "waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).

In the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, Congress waived "the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). A claimant may not bring an action in federal court pursuant to the FTCA's waiver of sovereign immunity, however, until the claimant has exhausted the FTCA's administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Furthermore, a well-recognized exception to the general waiver of the sovereign immunity is the "discretionary function" exception. *Earles v. United States*, 935 F.2d 1028, 1032 (9th Cir. 1991). The discretionary function exception to waiver provides, in relevant part, that a claim cannot be maintained against the United States when that claim is "based upon the exercise or performance or the failure to exercise or perform

a discretionary function or duty on the party of a federal agency or an employee of the

Government, whether or not the discretion involved is abused." 28 U.S.C. § 2680(a).

 Brinkman's Whistleblower Award claim against the IRS is deficient for several reasons.

First, the Whistleblower Award statute provides that:

> *If the Secretary proceeds with any administrative or judicial action*
> described in subsection (a) based on information brought to the
> Secretary's attention by an individual, such individual shall,
> subject to paragraph (2), receive as an award at least 15 percent but
> not more than 30 percent of the collected proceeds (including
> penalties, interest, additions to tax, and additional amounts)
> resulting from the action (including any related actions) or from
> any settlement in response to such action. The determination of the
> amount of such award by the Whistleblower Office shall depend
> upon the extent to which the individual substantially contributed to
> such action.

26 U.S.C. § 7623(b)(1) (emphasis added). Brinkman alleges in his complaint that the IRS has not

acted on the alleged fraud he reported. Only *after* the Secretary chooses to bring an

administrative or judicial action may an individual receive a Whistleblower Award. Thus,

Brinkman has not established that he qualifies under the relevant statute for payment.

 Second, Brinkman has not established that there is a statutory waiver of sovereign

immunity. In this case, there are two potential bases for waiver: an independent statutory basis or

waiver through the FTCA. Beginning with the first basis for waiver, this Court does not find, and

Brinkman does not identify any statute indicating that the IRS has waived its sovereign immunity

in this case. In order for Brinkman to maintain a lawsuit against the IRS, the United States must

consent to be sued. *See United States v. Mottaz*, 476 U.S. 834, 841 (1986) (requiring express

consent for a statutory waiver of sovereign immunity and holding that "the terms of its waiver of

sovereign immunity define the extent of the court's jurisdiction"). Any waiver of sovereign

immunity by the IRS would need to be "expressed unequivocally." *See Consejo de Desarrollo*

*Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (explaining

that "purported statutory waivers of sovereign immunity are not to be liberally construed."). Because there is no relevant statutory basis other than the FTCA to find that the IRS waived sovereign immunity, this Court finds that Brinkman's claim against the agency is barred.

Under the second potential basis for statutory waiver, Brinkman has not named an individual government employee within the IRS that may be liable under the FTCA for committing a tortious act. Further, liberally construing Brinkman's complaint, and assuming there is a relevant government employee named in this lawsuit, Brinkman has not exhausted his administrative remedies with the IRS as required by the FTCA. *See* 28 U.S.C. § 2675(a) (a party may not bring an action against United States unless the party first presents the claim to the appropriate federal agency); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (the FTCA "administrative claim prerequisite is jurisdictional"). Brinkman was statutorily required to appeal any denial to the Tax Court within 30 days of a Whistleblower Award determination. *See* 26 U.S.C. § 7623(b)(4). Thus, both because there is no basis for the waiver of sovereign immunity and Brinkman failed to exhaust administrative remedies, the IRS retains sovereign immunity in this matter.

Third, even assuming Brinkman did properly allege a claim against an IRS employee, his claim is barred because a Whistleblower Award determination is a discretionary act that is excepted from the government's waiver of sovereign immunity. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The waiver of sovereign immunity is limited under the discretionary act exception to the FTCA: the government is not liable for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). The Supreme Court has articulated two factors (the "*Gaubert* factors") for courts to consider when determining

whether the discretionary function exception applies to a particular case: (1) whether the nature of the challenged conduct involved "an element of judgment or choice," and (2) whether "social, economic or political policy" considerations are implicated. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991); *see also Berkovitz*, 486 U.S. at 536-37.

The inquiry under the first *Gaubert* factor "looks at the nature of the conduct, rather than the status of the actor, and the discretionary element is not met where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Terbush v. United States*, 516 F.3d 1125, 1128 (9th Cir. 2008) (citation and internal quotation marks omitted). Accepting as true the factual allegations in the complaint, *see id.*, a Whistleblower Award under 26 U.S.C. § 7623(b)(1) is granted only *if* the Secretary chooses to bring an administrative or judicial action. Thus, the statute does not specifically prescribe a course of action for the Secretary to follow and states that the Secretary's enforcement based on reported fraud is discretionary.

The second *Gaubert* factor is designed to prevent judicial intervention that would require "judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Myers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011). The second *Gaubert* factor counsels against finding a waiver of sovereign immunity in this case. *See Gaubert*, 499 U.S. at 322-23. Further, the Whistleblower Award provision provides that the Secretary has the *choice* to bring an enforcement action. 26 U.S.C. § 7623(b)(1). As recognized by the Supreme Court,

> [A]n agency decision not to enforce often involves a complicated
> balancing of a number of factors which are peculiarly within its
> expertise. Thus, the agency must not only assess whether a
> violation has occurred, but whether agency resources are best spent
> on this violation or another, whether the agency is likely to succeed
> if it acts, whether the particular enforcement action requested best

> fits the agency's overall policies, and, indeed, whether the agency
> has enough resources to undertake the action at all.

*Heckler v. Chaney*, 470 U.S. 821, 831 (1985). This Court is not the proper forum to second guess

the Secretary's determination. The conduct challenged by Brinkman involves discretionary

decisions grounded in policy. *See Gaubert*, 499 U.S. at 324-25.

Thus, this Court lacks jurisdiction to adjudicate Brinkman's claim against the IRS for an

alleged failure to issue a Whistleblower Award. *See Elias v. Connett*, 908 F.2d 521, 527-28 (9th

Cir. 1990) (holding that the failure to waive sovereign immunity meant that a party had not

stated a claim against the IRS upon which relief may be granted).

## C. Brinkman's Claim Against the IRS and the Department of Justice for Alleged Retaliatory Action is Dismissed

Upon determining a deficiency against a taxpayer, the IRS is authorized to send the

taxpayer a notice of deficiency. 26 U.S.C. § 6212(a); *Elias*, 908 F.2d at 523; *Cool Fuel, Inc. v.

Connett*, 685 F.2d 309, 312 (9th Cir. 1982). If a taxpayer desires to dispute the deficiency before

paying the tax, the taxpayer may file a petition in the Tax Court for redetermination of the

deficiency. 26 U.S.C. § 6213(a). Brinkman claims that he has been subject to retaliatory legal

action taken by the IRS and Department of Justice for back taxes that he does not owe. Brinkman

does not allege that he was not provided with proper notice of the taxes owed or that his

constitutional right to due process was violated. Rather, he alleges only that he did not owe the

amount claimed by the IRS. This Court is not the proper forum either to determine that a notice

of deficiency is wrongful or to make a redetermination of Brinkman's tax liability. Pursuant to

26 U.S.C. § 6213(a), jurisdiction in such cases rests solely with the United States Tax Court.

Further, for the reasons stated above, Brinkman has not established that the IRS or the

Department of Justice waived sovereign immunity and can be properly subject to this suit.

## CONCLUSION

Brinkman's application to proceed *in forma pauperis* (Dkt. 1) is GRANTED. Brinkman's Complaint (Dkt. 2), however, fails to state a claim upon which relief may be granted, s*ee* 28 U.S.C. § 1915(e)(2), and cannot be saved by amendment, *see Snell*, 316 F.3d at 828 n.6. Brinkman's Complaint (Dkt. 2), therefore, is **DISMISSED** with prejudice and without leave to amend. The Court further finds that any appeal from this Opinion and Order would not be taken in good faith and Brinkman's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 30th day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge